# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By dreese at 2:50 pm, Dec 30, 2015

| | |
|---|---|
| In the matter of: ) | Chapter 7 |
| ) | |
| JAMES T. TURNER, JR., ) | |
| ) | Number 15-40525-EJC |
| *Debtor*. ) | |
| ) | |
| ——————————————— ) | |
| ) | |
| BRENT HARLANDER; ) | |
| RICHARD P. VAN BENSCHOTEN; and ) | |
| SCOTT McKENNA, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Adversary |
| v. ) | |
| ) | Number 15-04037-EJC |
| JAMES T. TURNER, JR., ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

**OPINION ON DEFENDANT'S MOTION TO DISMISS, PLAINTIFFS' MOTION TO AMEND COMPLAINT, AND DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE AMENDED COMPLAINT**

Pending before the Court is defendant James T. Turner, Jr.'s ("Defendant" or "Debtor") Motion to Dismiss ("Dismissal Motion") (adv. dckt. 9), plaintiffs Brent Harlander, Richard P. Van Benschoten and Scott McKenna ("Plaintiffs") Motion to Amend Complaint ("Amendment Motion") (adv. dckt. 13), and Defendant's Motion to Dismiss And/Or Strike Amended Complaint ("Motion to Strike") (adv. dckt. 20). The Debtor seeks dismissal of the Plaintiffs' Complaint to Determine Dischargeability of Debt and Other Relief ("Complaint") (adv. dckt. 1) for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules

of Civil Procedure, made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure. After the Plaintiffs prematurely filed their First Amended Complaint, the Debtor filed his Motion to Strike correctly observing that the Plaintiffs had not yet been granted leave to amend their Complaint. In addition to the deficiencies in the Plaintiffs' Complaint, there is misjoinder in this case.

For the reasons stated below, the Court will dismiss the Complaint and First Amended Complaint, grant leave to amend the Complaint, and require Plaintiffs to sever their claims to remedy the misjoinder.

## I. JURISDICTION

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and the Standing Order of Reference signed by then Chief Judge Anthony A. Alaimo on July 13, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(I) and (J). In accordance with Bankruptcy Rule 7052, the Court makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

Debtor filed a Chapter 7 petition for bankruptcy relief on April 9, 2015. (Dckt. 1). In his Schedule "F", Debtor listed the unsecured claims of Plaintiffs Harlander and Van Benschoten as contingent and disputed. *Id.* Debtor did not, however, list the claim of Plaintiff McKenna in any of his Schedules. *Id.* On July 20, 2015, Plaintiffs filed this adversary proceeding seeking a determination that any indebtedness Debtor owes them is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6), and to bar Debtor's discharge pursuant to 11 U.S.C. § 727. (Adv. Dckt. 1). In addition, Plaintiffs pray that this

Court liquidate their debts and enter monetary judgment against the debtor on various state law claims, including damages for fraud (Count IV), breach of contract (Count V), conversion (Count VI), attorney's fees (Count VI), and punitive damages (Count VII). *Id.* On August 20, 2015, the Debtor, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed the Dismissal Motion contending that the Complaint failed to state a claim upon which relief could be granted. (Adv. Dckt. 9).

The Complaint alleges that Plaintiffs entered into separate contracts with J.T. Turner Construction Co., Inc. ("JTT") to perform general contracting services for the construction of their residential homes. (Adv. Dckt. 1, ¶ 6). The Plaintiffs further allege that they paid "hundreds-of-thousands of dollars" to JTT in order to pay subcontractors, suppliers and others in satisfaction of goods and services performed. (*Id.* at ¶ 7,8). Plaintiffs contend they were provided assurances, in the form of affidavits, that these funds were being properly applied. (*Id.*, ¶ 8). The Plaintiffs assert that the Debtor, as JTT's CEO, CFO and Secretary, knew the provided affidavits were false and that he was fully aware that the funds taken from the Plaintiffs were being used for purposes unrelated to the construction of their homes. (*Id.* at ¶ 10, 14). As a result, the Plaintiffs allege that the unpaid subcontractors and suppliers placed liens on the properties, which forced Plaintiffs to directly pay the lienholders with additional funds. (*Id.* at ¶ 12-13). Through these general allegations, the Plaintiffs seek a denial of discharge because of the Debtor's "lack of good faith." (*Id.* at ¶ 18).

The matter came on for hearing on October 15, 2015. At the hearing, the Court expressed its intention to grant leave to Plaintiffs to amend their clearly deficient Complaint

and invited Plaintiffs to seek leave to amend. After the hearing, I took the matter under advisement.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure[1], the Plaintiffs filed their Amendment Motion on October 18, 2015. (Adv. Dckt. 13). Before the Court could rule on the Amendment Motion, the Plaintiffs filed their First Amended Complaint on November 6, 2015. (Adv. Dckt. 15). The Debtor then filed his Motion to Strike on the limited grounds that the Amendment Motion has not yet been granted and that the Dismissal Motion remained pending. (Adv. Dckt. 20). The Plaintiffs filed a Response to the Motion to Strike asserting that the Court granted their oral motion to amend made at the October 15, 2015 hearing. (Adv. Dckt. 22).

### III. CONCLUSIONS OF LAW

#### A. Rule 12(b)(6) Standards

A complaint should be dismissed under Federal Rule of Civil of Procedure 12(b)(6) where it appears that the facts alleged fail to state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7008, a plaintiff needs only to provide, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).

---

[1] Federal Rule of Civil Procedure 15, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7015, allows a party to amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b); See Fed. R. Civ. P. 15(a)(1)(B). Because this time period has already passed, the Plaintiffs must obtain the opposing party's written consent or the court's leave in order to amend its pleading.

However, "[a] complaint that provides labels and conclusions or a formulaic recitation of the elements of a cause of action is not adequate to survive a Rule 12(b)(6) motion to dismiss." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678. Dismissal for failure to state a claim is appropriate if the facts as pled, taken as true, fail to state a claim for relief that is plausible on its face. *Stringer v. Doe*, No. 12-10119, 2013 WL 163833, at *2 (11th Cir. Jan. 15, 2013) (citing *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Federal Rule of Civil Procedure 9(b), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7009, mandates a heightened pleading standard when pleading a claim for fraud or mistake. Under this Rule, a plaintiff is required to: "[S]tate with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). As set forth below, applying these standards to the Complaint as originally filed compels the Court to grant the Dismissal Motion.

### B. 11 U.S.C. § 523(a)(2)

In Count I of the Complaint, Plaintiffs allege that "Defendant has received money by false pretenses, false representations, and actual fraud to the detriment of each Plaintiff within the meaning of 11 USC § 523(a)(2)." (Adv. Dckt. 1, ¶ 20.) A debt is non-

dischargeable pursuant to § 523(a)(2)(A) to the extent money, property, services, or an extension, renewal, or refinancing of credit, was obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or insider's financial condition. The elements of § 523(a)(2)(A) are similar to those required for common law fraud: (1) the defendant made a false representation with the intention of deceiving the creditor; (2) the creditor relied on the false representation; (3) the reliance was justified; and (4) the creditor sustained a loss as a result of the false representation. *In re Blizerian*, 153 F.3d 1278, 1281 (11th Cir. 1998).

As with other claims of fraud, the pleader must meet the particularity requirements of Federal Rule of Civil Procedure 9(b), as described above. *In re Riddle*, No. 14-53381-BEM, 2015 WL 1038473, at *5 (Bankr. N.D. Ga. Mar. 2, 2015). The Eleventh Circuit has held that Rule 9(b) may be satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotations omitted).

This Court finds that the Plaintiffs have failed to state with any particularity the circumstances surrounding the fraudulent conduct alleged in their Complaint. First, the Complaint lacks sufficient information for the Debtor to determine what properties are

actually involved in this case. The Plaintiffs reference their "residential, consumer housing," but fail to provide any further identifying information, such as an address. (Adv. Dckt. 1, ¶ 6.) Second, the Complaint fails to provide any specific information regarding the extent of the damages involved in this case. The Plaintiffs allege "hundreds-of-thousands of dollars" were entrusted to JTT, but do not allege how much of these funds were actually misappropriated. (Adv. Dckt. 1, ¶ 8.) In addition, the Complaint does not provide the specific amount of damages any Plaintiff suffered as a result of the liens placed on their respective properties. Third, the Complaint fails to provide any information regarding the alleged contract between the Plaintiffs and JTT, including when the contracts were entered into or when the alleged breaches of contract occurred. Further, the Complaint does not contain, nor make any reference to, any of the specific provisions of the contract. Finally, the Complaint provides only a general statement as to the contents of the alleged affidavits supplied by Debtor and JTT. The Complaint provides, "[Plaintiffs] were periodically provided assurances that funds were properly applied in the form of affidavits." *Id.* In order to meet Rule 9(b), the Complaint must "set forth precisely what false statements were made." *Brooks*, 116 F.3d at 1364. A statement as to the general nature of the alleged false affidavits will not suffice.

As discussed above, the Complaint, as a whole, fails to plead with any particularity the circumstances surrounding the Debtor's alleged fraudulent conduct. Accordingly, Plaintiffs have failed to meet the pleading requirements set forth in Rule 9(b)

and their § 523(a)(2) claim must be dismissed for failure to state a claim for which relief may be granted.

### C. 11 U.S.C. § 523(a)(4)

In Count II of the Complaint, Plaintiffs allege that "Defendant is guilty of fraud and defalcation while acting in a fiduciary capacity, embezzlement, and larceny within the meaning of 11 U.S.C. § 523(a)(4)." (Adv. Dckt. 1, ¶ 22.) Further, the Complaint simply "adopt[s] by reference the foregoing allegations" without providing any further explanation as to what allegations are applicable to this claim. (*Id.* at ¶ 21.) This makes it difficult, if not impossible, to determine which allegations form the basis of their argument under this code section. In addition, the Complaint does not specify which legal theory is being argued under § 523(a)(4).

The Court is uncertain, but it appears as though the Plaintiffs are attempting to allege that the Debtor's position as a corporate officer of JTT established a fiduciary duty to the Plaintiffs. The U.S. Supreme Court has consistently interpreted "fiduciary" as used in § 523(a)(4) narrowly, holding that the trust upon which the fiduciary relationship relies must be an express or technical trust that existed before and not as a result of the defalcation. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328 (1934). Plaintiffs have failed to allege the establishment of any fiduciary duty of the Debtor. The Complaint attempts to establish a fiduciary duty based on the Debtor's position as an officer of the company with whom the Plaintiffs contracted for the construction of their homes. However, the Debtor's status as a corporate officer is alone insufficient to establish a fiduciary duty. *Millburn Partners, LLC*

*v. Miles (In re Miles)*, No. 09-92601-MHM, 2011 WL 1124183 (Bankr. N.D. Ga. Mar. 14, 2011). Plaintiffs have failed to provide any other basis by which a fiduciary duty was owed to them by the Debtor. Therefore, Plaintiffs' allegations under § 523(a)(4) fail to state a claim upon which relief can be granted.

### D. 11 U.S.C. § 523(a)(6)

In Count III of the Complaint, Plaintiffs allege that "Defendant has willfully and maliciously injured Plaintiffs within the meaning of 11 USC § 523(a)(6)." (Adv. Dckt. 1, ¶ 24.) In order to avoid dismissal under this section, a plaintiff must plead facts, when taken as true, that allow the court to draw the reasonable inference that (1) there was injury to another entity or to the property of another entity; (2) the injury was inflicted by the debtor; and (3) the debtor inflicted the injury willfully and maliciously. *In re May*, No. 12-60371, 2013 WL 441440, at *2 (Bankr. S.D. Ga. Feb. 5, 2013). Further, debts arising from recklessly or negligently inflicted injuries do not fall within the willful and malicious injury exception to discharge. *Kawaauhau v. Geiger*, 523 U.S. 57 (1998).

Once again, the Complaint simply "adopt[s] by reference the foregoing allegations" without providing any further explanation as to what allegations form the basis of the Plaintiffs' argument under § 523(a)(6). Regardless, the Plaintiffs have failed to allege any facts in the Complaint that would allow this Court to draw any reasonable inference as to the Debtor's intent to cause harm or injury to the Plaintiffs. Therefore, the Plaintiffs' allegations under § 523(a)(6) fail to state a claim upon which relief can be granted.

### E. State Law Claims (Counts IV - VII)

The Plaintiffs' Complaint contains five claims based upon state law: fraud (Count IV), breach of contract (Count V), conversion (Count VI), attorney's fees (Count VI) and punitive damages (Count VII). (Adv. Dckt. 1). Pursuant to § 1334(b), the district courts have exclusive jurisdiction of all bankruptcy cases under Title 11 of the United States Code, and "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In accordance with this grant of jurisdiction, district courts may refer "core" and "related-to" proceedings to the bankruptcy courts for adjudication. *See* 28 U.S.C. § 157. A proceeding to determine non-dischargeability of a debt under § 523 is a core proceeding arising under the bankruptcy code and may be determined by a bankruptcy court. 28 U.S.C. § 157(b)(2)(I). Thus the filing of this adversary proceeding to determine the dischargeability of the Plaintiffs' claims invoked the Court's core jurisdiction.

In a complaint to determine dischargeability of a debt there are always two issues: 1) a determination of what is the debt (unless it has already been resolved by another court); and 2) whether the debt is non-dischargeable. *In re Neves*, 500 B.R. 651, 660 (Bankr. S.D. Fla. 2013). Because these two issues are intertwined, courts have held that a bankruptcy court, in addition to declaring a debt non-dischargeable, has jurisdiction to liquidate the debt and enter monetary judgment against the debtor. *See*, e.g., *Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 478-80 (5th Cir. 2009); *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1017-18 (9th Cir.1997); *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 965-66 (6th Cir.1993). Accordingly, this Court would have the jurisdiction to

enter monetary judgment on the state law claims included in the Plaintiffs' Complaint. However, this Court has found that all of the Plaintiffs' dischargeability claims under 11 U.S.C. § 523, as pleaded, fail to state a claim for which relief may be granted. Because this would effectively eliminate the Plaintiffs' dischargeability action, the court would lack the core jurisdiction necessary to enter final judgment on the remaining state law claims. *See Morrison*, 555 F.3d at 479. Accordingly, the Plaintiffs' state law claims must also be dismissed.

### F. 11 U.S.C. § 727

Count VIII of the Complaint contains only the following statement: "For the foregoing reasons, Plaintiffs object to Defendant's discharge pursuant to 11 USC § 727." (Adv. Dckt. 1, ¶ 40). This bare statement is wholly inadequate to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Section 727 provides that the court must grant a discharge to a Chapter 7 debtor unless one or more of the specific grounds for denial of a discharge enumerated in paragraphs (1) through (12) of § 727(a) is proven to exist. 11 U.S.C. § 727(a). The Plaintiffs' Complaint fails to specify which grounds for denial of discharge exist under § 727(a). Instead, the Plaintiffs provide only a general and conclusory statement that § 727 is applicable in this case. Without any further elaboration, it is impossible for the Court, and the Debtor, to know the grounds upon which the Plaintiffs' § 727 claim rests. Accordingly, Plaintiffs' allegations under § 727 fail to state a claim upon which relief can be granted.

### G. Plaintiffs' Motion to Amend Complaint

At the hearing on October 15, 2015, the Court provided a preliminary

indication to the parties of its intention to dismiss the Complaint for failure to state a claim. At that time, Plaintiffs orally requested an opportunity to replead their claims in a manner that would satisfy the standards of Federal Rule of Civil Procedure 12(b)(6). In the Eleventh Circuit, before dismissing a complaint with prejudice because of a pleading defect, a court must ordinarily give the plaintiff one chance to cure the defective complaint by granting leave to amend. *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000). Accordingly, the Court further indicated at the hearing that it would grant Plaintiffs leave to amend their Complaint so long as an appropriate motion was filed in accordance with the Federal Rules of Bankruptcy Procedure.

On October 18, 2015, Plaintiffs filed their Amendment Motion, which the Debtor has not opposed. The Court will grant, without hearing, the pending Amendment Motion. As addressed below, however, granting the Amendment Motion does not preclude dismissal of the First Amended Complaint.

### H. Defendant's Motion to Strike

As set forth above, Plaintiffs filed their Amendment Motion before the Court could issue a written order on the Dismissal Motion. And then, before the Court could grant the Amendment Motion, the Plaintiffs filed their First Amended Complaint. The Debtor then filed the Motion to Strike seeking to dismiss Plaintiffs' First Amended Complaint because the Court had not yet entered an order on the Dismissal Motion or the Amendment Motion. The procedural posture of this case has thus become somewhat convoluted. The Debtor is correct that the Plaintiffs acted prematurely by relying on the Court's stated intention to

allow an amendment without first allowing the Court to enter an order. In order to remedy this procedural misstep, the Court will grant the Debtor's Motion to Strike and strike the First Amended Complaint on the limited basis that it was filed prematurely. The case is now in a posture for the Plaintiffs to file their amended complaints, subject to the Court's ruling on misjoinder, as addressed below.

### I. Misjoinder

At the hearing on the Motion to Dismiss held on October 15, 2015, the Court raised the question of misjoinder. The Court initially indicated that since the issue had not been raised by opposing counsel, the Plaintiffs would be able to proceed jointly on their claims. However, upon further consideration, the Court finds no justification for joinder of the Plaintiffs' claims. To join together in one action, Plaintiffs must meet two specific requirements: 1) the right to relief asserted by each plaintiff must arise out of the same transaction, occurrence, or series of transactions or occurrences; and 2) a question of law or fact common to all parties must arise in the action. Fed. R. Civ. P. 20(a). If joined plaintiffs fail to meet both of these requirements, the court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance. *See* Fed. R. Civ. P. 21[2]; *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846 (3d Cir. 2006); *In re Shuttle Express, Inc.*, No. 92-06601-6C7, 1994 WL 773401 at *2 (Bankr. M.D. Fla. 1994).

---

[2] Federal Rule of Civil Procedure 21, made applicable by Rule 7021 of the Federal Rules of Bankruptcy Procedure, provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Here, the Complaint joins the Plaintiffs' independent claims against the Debtor. Each claim arises out of the Debtor's alleged fraudulent conduct that occurred during the construction of their individual homes. The Plaintiffs allege that the Debtor, as corporate officer of their general contracting company, JTT, was responsible for the misappropriation of funds intended to pay for goods and services rendered by subcontractors, suppliers and others. As a result of the misappropriation, the Plaintiffs allege they were forced to directly pay the subcontractors and suppliers with additional funds in order to avoid the attachment of liens to their homes.

While there are likely common issues surrounding the nature of the Debtor's alleged fraudulent conduct, the alleged instances of misconduct do not arise out of the same transaction or occurrence. Because each Plaintiff contracted separately with JTT for the construction of their home, it is likely that the Plaintiffs did not have the same interactions with JTT, its employees, or the Debtor. In addition, the liens placed on the Plaintiffs' properties were likely from different lienholders and for different amounts of unpaid services. Accordingly, there is no justification for joinder of these Plaintiffs and their claims.

While the Court has found misjoinder requiring severance of the Plaintiffs' claims under Rule 20(a), I must avoid prejudice in so doing because "the [bankruptcy] court is duty-bound to prevent [statute of limitation] consequences by severing rather than dismissing claims" under Rule 21 for misjoinder. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). The Plaintiffs filed their complaint objecting to the dischargeability of their debt within the required time period provided by Federal Rule of Bankruptcy Procedure

4007[3]. However, the time period under Rule 4007 has since passed. Therefore, if the Court were to dismiss the misjoined parties, the dismissed Plaintiffs would be time barred from filing a new dischargeability complaint. To avoid this unjust result, the Court will sever the Plaintiffs' claims, dismissing all but the first-named Plaintiff, Mr. Brent Harlander, and permit the remaining Plaintiffs[4] to re-file their complaints *nunc pro tunc*, so that they relate back to the time of the filing of the original complaint. *See Alhassid v. Bank of America, N.A.*, 60 F.Supp.3d 1302, 1325 (S.D. Fla. 2014); *Grazoise v. Am. Home Products Corp.*, 202 F.R.D. 638, 641 (D. Nev. 2001) (severing and permitting plaintiffs to re-file their complaints *nunc pro tunc* to avoid statute of limitations issues).

## IV. CONCLUSION

Plaintiffs filed their Complaint seeking to have their claims held non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6) and a general denial of discharge pursuant to 11 U.S.C § 727. The facts and allegations provided in the Complaint, with respect to the Debtor's alleged fraudulent conduct, lacks the particularity required under Federal Rule of Civil Procedure 9(b) to survive a motion to dismiss. Further, each count of the Complaint fails to provide the Debtor with adequate notice of the grounds on which the

---

[3] Federal Rule of Bankruptcy Procedure 4007 provides, in pertinent part, "[e]xcept as provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." In this case, the first date set for § 341 meeting was May 19, 2015. (Dckt. 5.) Six months have passed since that date.

[4] The First Amended Complaint only lists Plaintiff Harlander and Plaintiff Van Benschoten as plaintiffs. Presumably, Plaintiff McKenna has decided to no longer pursue his claim against the Debtor.

respective claims exist. Accordingly, the Court will grant defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). However, the Court will allow Plaintiffs the opportunity to cure any defects by granting their Motion to Amend Complaint. Accordingly, the Complaint will be dismissed with leave to amend so that it may be re-filed in conformance with this decision. Additionally, the Court will sever the Plaintiffs' claims, dismissing all but Plaintiff Harlander, and permit the dismissed plaintiffs to re-file their separate complaints *nunc pro tunc* to the date of the filing of the Complaint. The Court will direct Plaintiff Harlander to amend the Complaint to reflect the effects of the severance.

Because the First Amended Complaint was filed before the entrance of this order, the Defendant's Motion to Strike will be granted and the Plaintiffs' First Amended Complaint will be stricken on this limited basis. A separate order will be entered contemporaneously with this Opinion.

Dated at Savannah, Georgia, this 30th day of December, 2015.

                                                                                       _____
                                                                                       Edward J. Coleman, III, Judge
                                                                                       United States Bankruptcy Court
                                                                                       Southern District of Georgia