# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By DReese at 12:32 pm, Sep 23, 2016

In the matter of: )
)                                    Chapter 7
JAMES T. TURNER, JR., )
)                          Number 15-40525-EJC
*Debtor.* )
_____)_____

)
BRENT HARLANDER; )
)
*Plaintiff,* )
)                                    Adversary
v. )
)                          Number 15-04037-EJC
JAMES T. TURNER, JR., )
)
*Defendant.* )
_____)_____

## OPINION AND ORDER GRANTING PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT

Nearly forty years ago, the Debtor, James T. Turner, Jr., founded J.T. Turner Construction Co. ("JTT Construction"), a general contractor in the Savannah, Georgia area. During that time, he served as JTT Construction's CEO, CFO and Secretary. Like other construction companies, the economic downturn of 2008 appears to have taken its toll on JTT Construction. By early 2015, JTT Construction was forced to close its doors, and Mr. Turner filed his individual Chapter 7 case. Among the wreckage of this failed business were homeowners whose personal residences were under construction in the final days and weeks of JTT Construction's operation. At the time of JTT Construction's closing, these projects

℁AO 72A
(Rev. 8/82)

were unfinished and subcontractors who had not been paid began asserting liens on the affected properties. This adversary proceeding began when three of these homeowners[1], including plaintiff Brent Harlander (the "Plaintiff"), jointly filed a highly deficient complaint seeking to hold the Debtor, as a shareholder and officer of JTT Construction, personally responsible for the damages resulting from JTT Construction's failure to pay subcontractors and complete construction of their homes. Believing that something more sinister than a global recession led to JTT Construction's failure, Plaintiff Harlander has accused the Debtor of diverting revenues from the company for his personal use through a variety of illegal means.

Since the filing of the original complaint, the Plaintiff has made several missteps causing this case to proceed at a rather slow pace[2]. The procedural posture of this case has largely been complicated by the Plaintiff's attempts to add facts and allegations to his complaint on an on-going basis. Further, the Plaintiff has set forth significant, additional claims against the Debtor. Each such attempt by the Plaintiff has come after the Debtor files a motion to dismiss the previous complaint or otherwise objects to the previous complaint's sufficiency. This has led to the Plaintiff's complaint becoming a "moving target," which has made it difficult for the Court to make a ruling as to the sufficiency of the Plaintiff's complaint.

---

[1] As will be explained, the three plaintiffs were ordered by this Court to file separate complaints. Accordingly, Plaintiff Harlander is now the only plaintiff in this adversary proceeding.

[2] This adversary proceeding has been pending for over twelve months and has yet to reach the stage where the Debtor has been required to file an answer.

Currently before the Court is the Plaintiff's third attempt to amend his complaint to add newly uncovered factual details supporting his claims against the Debtor. However, this attempt was made after the Debtor filed a motion to dismiss the Plaintiff's most current complaint and before the Court could make its ruling on such motion. Accordingly, the Plaintiff has once again turned his complaint into a "moving target" for the Court. As will be explained, the Court will grant Plaintiff leave to amend his complaint.

## I. JURISDICTION

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and the Standing Order of Reference signed by then Chief Judge Anthony A. Alaimo on July 13, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(I) and (J). In accordance with Bankruptcy Rule 7052, the Court makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

### A. The Original Complaint

On July 20, 2015, the Plaintiff filed his original complaint (in which he was improperly joined with two other plaintiffs) seeking a determination that any indebtedness that the Debtor owes him is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6), and to bar Debtor's discharge pursuant to 11 U.S.C. § 727. (Adv. Dckt. 1). The Plaintiff also sought to liquidate his debt against the Debtor based on various state law claims, including damages for fraud, breach of contract, conversion, attorney's fees, and punitive damages. *Id.*

The complaint alleged that the Plaintiff entered into a contract with JTT Construction to perform general contracting services for the construction of his residential home. *Id.* The Plaintiff asserted that he periodically made payments to JTT Construction upon its applications for payment, which included sworn certifications that all subcontractors had been paid by JTT Construction for the work already performed on the Plaintiff's home. *Id.* However, the complaint alleges that, contrary to the sworn certifications, a number of subcontractors were never paid by JTT Construction. *Id.* As a result, the Plaintiff contends the unpaid subcontractors placed liens on his home, which forced him to directly pay the lienholders with additional funds. *Id.* Further, the complaint alleges that the Debtor, as JTT Construction's CEO, CFO and Secretary, knew the provided certifications were false and that he was fully aware that the funds taken from the Plaintiff were being used for purposes unrelated to the construction of the Plaintiff's home. *Id.*

On August 20, 2015, the Debtor, pursuant to Federal Rule of Civil Procedure 12(b)(6) (hereinafter "Federal Rule"), filed a Motion to Dismiss (adv. dckt. 9) the complaint for failure to state a claim upon which relief could be granted. On December 30, 2015, the Court found the Plaintiff's complaint insufficient to pass muster under Federal Rule 12(b)(6) and dismissed the complaint with leave to amend[3]. (Adv. Dckt. 23, 24).

B. The Plaintiff's Attempts to Amend the Complaint

On January 15, 2016, the Plaintiff (now separated from the other two plaintiffs) timely filed an Amended Complaint (adv. dckt. 27) which provided greater detail regarding

---

[3] On November 6, 2015, prior to the Court's ruling on the Debtor's Motion to Dismiss, the Plaintiff prematurely filed an Amended Complaint (dckt. 15). As part of its December 30, 2016 order, the Court struck the Amended Complaint.

the claims brought by the Plaintiff in the original complaint. However, the Amended Complaint also set forth additional claims against the Debtor for violating the Georgia Fair Business Practices Act and for racketeering in violation of federal and state law (collectively, the "New Claims").[4]

On January 29, 2016, in response to the Amended Complaint, the Debtor filed another Motion to Dismiss pursuant to Federal Rule 12(b)(6). (Adv. Dckt. 31). The Court scheduled a hearing on the Motion to Dismiss for February 29, 2016. On February 26, 2016 (three days before the scheduled hearing), the Debtor once again filed a motion to amend his complaint (the "Second Motion to Amend") (adv. dckt. 36) before the Court could rule on the Debtor's pending Motion to Dismiss. The Second Motion to Amend attached a proposed Second Amended Complaint, which provided more detailed factual assertions, and alleged, for the first time, that the Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2), (3) and (4) for concealing property of the estate, destroying financial records, and falsely testifying at the § 341 Meeting of Creditors. (Adv. Dckt. 36-1).

After the February 29, 2016 hearing, the Court took the Debtor's Motion to Dismiss under advisement[5] and requested that the Debtor file a response to the Plaintiff's Second Motion to Amend (which he did on March 11, 2016 and on April 14, 2016). In his responses, the Debtor argues that the New Claims and the amended § 727 claim set forth in

---

[4] With regard to the New Claims, the Amended Complaint alleges that the Debtor's alleged fraudulent conduct in this case was part of a greater scheme by the Debtor and other individuals to defraud customers of JTT Construction over a period of years.

[5] The Debtor's Motion to Dismiss (adv. dckt. 31) is still pending with the Court. However, upon the filing of the Plaintiff's amended complaint, the Court will enter a separate order denying the Debtor's Motion to Dismiss as moot.

the Second Amended Complaint are time barred by Federal Rule of Bankruptcy Procedure 4004 because they do not relate back to the filing of the original complaint under Federal Rule 15(c)(1)(B). (Adv. Dckts. 40, 43). In addition, the Debtor argues that the Second Amended Complaint adds nothing of significance and is still insufficient to establish a claim under any of the provisions of 11 U.S.C. § 523. *Id.*

When the Second Motion to Amend came on for hearing on April 29, 2016, the Plaintiff advised the Court that he had additional factual information and exhibits to add to his complaint. To prevent the filing of another motion to amend, the Court instructed the Plaintiff to attach, as a supplement to the Second Motion to Amend, a revised Second Amended Complaint containing the newly discovered information[6]. At the conclusion of the hearing, the Court took the Second Motion to Amend under advisement.

## III. CONCLUSIONS OF LAW

### A. Standard for Leave to Amend Complaint

Rule 15 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015, provides a liberal and permissive standard for amending a complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny leave if there is a "justifying reason" to do so. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Halliburton v. Assoc. v. Henderson*, 774 F.2d 441, 442 (11th Cir. 1985) ("substantial reason" needed). The following factors may serve as a basis to deny a motion to amend: (1) where there has been

---

[6] On May 6, 2016, the Plaintiff filed his Supplement to Second Motion to Amend Complaint (adv. dckt. 45), attaching as Exhibit "A" a revised Second Amended Complaint together with copies of the contracts between Harlander and JTT Construction.

undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; (3) where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. at 182).

First, the Court finds no undue delay, bad faith or dilatory motive in Plaintiff Harlander's Second Motion to Amend. Although it has been over a year since the filing of the case, the Plaintiff has had limited access to information more readily available to the Debtor. Second, allowing the Plaintiff to amend his complaint would not cause undue prejudice to the Debtor. This case has yet to reach the discovery stage and the Debtor will have adequate time for preparation of a defense to the claims set forth in the amended complaint. Further, the Debtor is not attempting a reorganization, so any delay occasioned by these amendments will be of minimal detriment to the Debtor.

As to the alleged futility of the proposed amendment, the Debtor contends that the facts and allegations added in the Proposed Complaint are still insufficient to state a claim under any of the provisions of 11 U.S.C. § 523. However, the Court finds it unnecessary at this juncture to rule on whether the Proposed Complaint meets the pleading requirements set forth in Federal Rules 8 and 9. The Debtor will have the opportunity to bring such an argument in a response to the amended complaint. If the Debtor chooses to do so, the Court will address the adequacy of the Plaintiff's amended complaint at that time.

The Debtor also argues that the New Claims and the newly amended § 727 claim do not relate back to the filing of the original complaint pursuant to Federal Rule

15(c)(1)(B), and are thus time-barred. Pursuant to Federal Rule 15(c)(1)(B), an amendment of a pleading relates back to the date of the original pleading when: "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." The Supreme Court has interpreted this language to mean that relation back is improper when the amended claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Again, the Debtor will have the opportunity to bring such an argument in a response to the Plaintiff's amended complaint. By granting Plaintiff leave to amend, the Court is making no determination as to whether Plaintiff will receive the benefit of relation back under Rule 15(c)(1)(B).

## IV. CONCLUSION

Permitting Plaintiff Harlander to amend his complaint is warranted based upon the liberal standard favoring amendments under Rule 15. Plaintiff seeks leave to amend his complaint to add additional facts and allegations which he became aware of during the pendency of this case. As explained above, the Court finds no "justifying reason" to deny Plaintiff leave to amend his complaint. Accordingly, the Court will grant the Plaintiff's Second Motion to Amend.

## O R D E R

Pursuant to the foregoing, IT IS ORDERED that Plaintiff's Second Motion to Amend Complaint (adv. dckt. 36) is GRANTED. Plaintiff may amend his complaint as proposed in the Supplement to Second Motion to Amend Complaint (adv. dckt. 45). Nothing in this order shall be construed as a determination as to the sufficiency of the Plaintiff's amended complaint or as to whether Plaintiff will receive the benefit of relation back under Federal Rule 15(c)(1)(B).

IT IS FURTHER ORDERED, that Plaintiff Harlander shall file and serve his amended complaint within ten (10) days of the date of the Court's Order. Consistent with Federal Rule 15(a)(3), the Debtor shall have fourteen (14) days after service of the amended complaint to respond, unless otherwise extended by further order of this Court.

Dated at Savannah, Georgia, this 23rd day of September, 2016.

Edward J. Coleman, III, Judge
United States Bankruptcy Court
Southern District of Georgia